# STATE OF WEST VIRGINIA
## SUPREME COURT OF APPEALS

Tammy Combs, next friend of Lauren W.,
a minor child, and in her individual capacity,
Plaintiff Below, Petitioner

**FILED**

May 17, 2013
RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

vs)  No. 12-0295 (Summers County 10-C-46)

National Union Fire Insurance Company of
Pittsburgh, PA, Defendant Below, Respondent

## MEMORANDUM DECISION

Petitioner Tammy Combs, by counsel Mark McMillian, appeals the order of the Circuit Court of Summers County, entered on January 30, 2012, granting Respondent National Union Fire Insurance Company's motion for summary judgment. Respondent appears by counsel Don C.A. Parker, Laura E. Hayes, and Charity K. Flynn.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision is appropriate under Rule 21 of the Rules of Appellate Procedure.

On appeal, we review a summary judgment order under a de novo standard of review. Syl. Pt. 1, *Painter v. Peavy*, 192 W.Va. 189, 451 S.E.2d 755 (1994). Summary judgment should be granted when it is clear that there is no genuine issue of fact to be tried and inquiry concerning the facts is not desirable to clarify the application of the law. Syl. Pt. 2, *Id.*; Syl. Pt. 3, *Aetna Cas. & Sur. Co. v. Fed. Ins. Co. of N.Y.*, 148 W.Va. 160, 133 S.E.2d 770 (1963). With this standard in mind, we consider the facts presented in the light most favorable to Petitioner Combs, the non-moving party.

On March 13, 2009, Summers County High School played in the state high school basketball tournament in Charleston. School officials sold game tickets and made a school bus available to transport students to and from Charleston. Petitioner's daughter Lauren, then a sixteen-year-old sophomore, asked guidance counselor Melissa Kirkham whether school officials would permit her to return to Summers County on the bus if she rode to the basketball game with Meghan Wheeler, a 2007 graduate of the high school. Ms. Kirkham informed Lauren it would not be permitted. Lauren continued to try to persuade Ms. Kirkham to allow it, and Ms. Kirkham told Lauren that she would contact the school principal, Ed Niswander, for his answer. Lauren left Ms. Kirkham's office before Ms. Kirkham spoke with Mr. Niswander. A few moments afterward, without speaking further with Ms. Kirkham, Lauren left the school with her friend

1

Katie, a fellow student, and Ms. Wheeler. Ms. Wheeler was not employed by the school board, was not connected in any way with the school, and had not been asked by anyone connected with the school to take Lauren to the game. Ms. Wheeler signed the sheet at the school indicating that she was taking Lauren and Katie, but Lauren testified that she did not know if anyone else was present in the office when Ms. Wheeler completed the sign-out procedure. Lauren did not have the permission of any school official to leave the school grounds.

Ms. Wheeler, Lauren, and Katie were accompanied by Jeremiah Yancey, also a 2007 graduate of the high school. They went to Mr. Yancey's house in Hinton to pick up some belongings so that he could spend the night in Charleston with Ms. Wheeler. Lauren and Katie waited at Mr. Yancey's house while Mr. Yancey, Ms. Wheeler, and an unidentified woman left to buy alcohol.[1] When Ms. Wheeler and Mr. Yancey returned, the group left for Charleston in Ms. Wheeler's orange Chevy Cobalt. While traveling south on Route 12 in Forest Hill, an area that was not en route to Charleston from Hinton, Ms. Wheeler lost control of and crashed the Cobalt.

On August 11, 2010, petitioner filed a complaint for damages related to injuries Lauren received in that accident. She named Ms. Wheeler, the Summers County Board of Education, and the Board's insurance carrier, Respondent National Union, as defendants. After the close of discovery, respondent filed its motion for summary judgment, which the circuit court granted by order entered on January 30, 2012, concluding that there were no facts that could support a finding that Ms. Wheeler was driving a "non-owned auto" within the definition of the policy at the time of the accident.[2]

Pursuant to a policy endorsement, coverage was available to the Board of Education for "owned" and "non-owned" automobiles, each described as follows:

> "Owned Auto" – An "auto" owned by, leased to, or loaned to you provided however that any "auto" owned by the United States of America shall be considered an "Owned Auto" only while being used in your operations. This includes those "autos" you acquire ownership of after the policy begins.
> . . .
> "Non-Owned Auto" – Those "autos" you do not own, lease, hire, rent or borrow that are used in connection with your business. This includes "autos" owned by your "employees", partners (if you are a partnership), members (if you are a limited liability company), or members of their households but only while being used in your business.

---

[1]Lauren testified that the alcohol was for Ms. Wheeler and Mr. Yancey, and that she did not ingest any intoxicating substances that day.

[2]The Board of Education and Ms. Wheeler remained defendants and proceeded to trial on February 7, 2012. The verdict form reflects that the jury found that the Board of Education did not act negligently, but that Ms. Wheeler did act negligently and was seventy-percent at fault for Lauren's injuries. The jury found that Lauren was thirty-percent at fault.

Petitioner argues that the circuit court erred in concluding that there was no question that Ms. Wheeler's automobile was not being used in connection with Board of Education business. We disagree.

Absolutely no evidence presented below links Ms. Wheeler with Summers County High School or the Summers County Board of Education. Not only is there no suggestion that Ms. Wheeler advanced school business when she took Lauren and Katie from the school, but there also is no evidence that school officials were immediately aware that Ms. Wheeler had left the school with two of its students. Lauren's unequivocal testimony confirmed that no school official had given her permission to leave the grounds that day. Summers County High School provided a school bus so that students could attend the tournament. There is no evidence that school officials needed or wanted Ms. Wheeler to perform this function for which the school already had made arrangements.

For the foregoing reasons, we affirm.

Affirmed.

**ISSUED:** May 17, 2013

**CONCURRED IN BY:**

Chief Justice Brent D. Benjamin
Justice Robin Jean Davis
Justice Margaret L. Workman
Justice Menis E. Ketchum
Justice Allen H. Loughry II